UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-20769-BLOOM/Elfenbein

ANGELA GARRETT-GRAHAM,

    Plaintiff,

v.

DAVID LEE GARRETT,
MERCEDES GARRETT,
D&M NETWORK
INTERNATIONAL, INC.,
*c/o Registered Agent David L.
Garrett*, SOUL EAST, INC.,
MIAMI ACTIONS FOR RACIAL
EQUALITY, INCORPORATION,
D&M FAMILY ENTERPRISE, INC.,
LITTLE RIVER PET SUPPLY,
INCORPORATION, *c/o Registered
Agent David Garrett*, MOUNT HOPE
FELLOWSHIP, INC., *c/o Registered
Agent David L. Garrett*, and MT. HOPE
FELLOWSHIP BAPTIST CHURCH

    Defendants.
_____/

## ORDER ON MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff Angela Garrett-Graham's ("Plaintiff") Motion for Reconsideration or Leave to Amend in the Alternative ("Motion"), ECF No. [8], filed on March 3, 2025. The Court has considered the Motion, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in part. ECF No. [8].

Case No. 25-cv-20769-BLOOM/Elfenbein

I. **LEGAL STANDARD**

"While the Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, such a motion can be treated as either a Motion to Alter or Amend Judgment under Rule 59(e) or a Motion for Relief from Judgment under Rule 60(b)." *Dingman v. Cart Shield USA, LLC*, No. 12-cv-20088, 2013 WL 2034984, at *2 (S.D. Fla. May 14, 2013) (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n. 5 (11th Cir. 1993)).

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Relief is proper under Rule 59(e) only if the party presents newly discovered evidence or demonstrates a manifest error of law or fact." *Marques v. JP Morgan Chase, N.A.*, 805 F. App'x 668, 670 (11th Cir. 2020) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

Under Federal Rule of Civil Procedure 60(b), "courts may relieve a party from a judgment or order on several grounds, including (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment is no longer in effect; and (6) 'any other reason that justifies relief.'" *Marques*, 805 F. App'x at 671 (quoting Fed. R. Civ. P. 60(b)). For a Rule 60(b) motion for relief from judgment to be successful under the catchall provision—Rule 60(b)(6)—the movant "must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion.'" *Cano v. Baker*, 435 F.3d

1337, 1342 (11th Cir. 2006) (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000)).

## II. DISCUSSION

Plaintiff does not argue there is any "newly discovered evidence" or a "manifest error of law or fact" as required under Rule 59(e). Fed. R. Civ. P. 59(e). Nor does she specifically allege that any of the grounds for relief from judgment listed in Rule 60(b) are applicable here. Fed. R. Civ. P. 60(b). Instead, she argues that the "matter was improvidently dismissed without hearing" and appears to clarify her intent to bring her suit pursuant to 18 U.S.C. § 2314 and 18 U.S.C. § 666. ECF No. [8] at 1. As an initial matter, Plaintiff was not entitled to a hearing, so this argument cannot form the basis of a motion for reconsideration. S.D. Fla. L. R. 7.1(b)(1)-(2) ("No hearing will be held on motions unless set by the Court . . . The Court in its discretion may grant or deny a hearing as requested[.]")Plaintiff's clarifications regarding her "causes of action" also fail because both 18 U.S.C. § 2314 and 18 U.S.C. § 666 are criminal statutes. As the Court stated in its February 7, 2025 Order, "criminal statutes do not provide for private civil causes of action[.]" ECF No. [7] at 3 (quoting *Smith v. JP Morgan Chase,* 837 F. App'x 769, 770 (11th Cir. 2021)); *Steven Macarthur-Brooks Est. v. Moreno*, No. 24-cv-24273, 2025 WL 30390, at *6 (S.D. Fla. Jan. 6, 2025) (stating 18 U.S.C. § 2314 "doesn't create a private cause of action"); *Bush v. Frazier,* No. 2:18-cv-00732, 2019 WL 3305145, at *9 (N.D. Ala. July 23, 2019) ("[C]ourts have held no express or implied private right of action exists under 18 U.S.C. § 666."). Therefore, Plaintiff does not have standing to sue under those statutes and those statutes cannot provide the Court with federal question jurisdiction in a civil case.

Plaintiff also states that she "seeks damages as a named shareholder of the 501(c)(3) Church business, due to misappropriation and embezzlement as well as fraud and forgery of

Plaintiff[']s signature[,]" however, she did not include these allegations or a relevant statute providing her with a cause of action in the Complaint. ECF No. [8] at 1. Under Rule 59(e), "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 590 U.S. 504, 508 (2020). This argument also fails under Rule 60(b). To the extent these new clarifications regarding the Complaint could fall under Rule 60(b)'s catchall provision, Plaintiff has not shown how the Court's failure to consider a claim that was not stated in the Complaint would qualify as a "sufficiently extraordinary" circumstance which would justify relief. *Cano v. Baker*, 435 F.3d at 1342 (quoting *Toole*, 235 F.3d at 1317).

"[I]n the alternative" Plaintiff "asks for leave to amend and establish clearly the federal causes of action should the submitted complaint [be deemed] deficient on its face." ECF No. [8] at 1. The Eleventh Circuit has instructed that district courts "may not dismiss an IFP complaint pursuant to § 1915(e)(2)(B)(ii) without allowing leave to amend when required by Fed. R. Civ. P. 15." *Oliver v. Fuhrman*, 695 F. App'x 436, 437 (11th Cir. 2017). Therefore, Plaintiff's Motion for Leave to Amend is granted. Although Plaintiff has already filed an Amended Complaint, ECF No. [9], she has not paid the required filing fee, nor has she filed a renewed motion to proceed *in forma pauperis*.[1] "*Pro se* plaintiffs must either pay a filing fee or submit a motion to proceed *in forma pauperis*." *Anderson v. State Att'y Off.*, No. 20-cv-20861, 2020 WL 6054079, at *1 (S.D. Fla. Oct. 14, 2020).

---

[1] Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* on February 18, 2025, ECF No. [4], which was denied as moot pursuant to the Court's February 19, 2025 Order. ECF No. [7] at 3.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion for Reconsideration or Leave to Amend in the Alternative, **ECF No. [8],** is **GRANTED IN PART** and **DENIED IN PART.**

2. Plaintiff's Motion for Reconsideration is **DENIED**.

3. Plaintiff's Motion for Leave to Amend is **GRANTED**. Because Plaintiff has already filed an Amended Complaint, ECF No. [9], she must either pay the required filing fee or file a renewed motion to proceed *in forma pauperis* on or before **May 30, 2025**.

**DONE AND ORDERED** in Chambers at Miami, Florida on May 21, 2025.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

cc:

Angela Garrett-Graham
16750 NE 4th PL. Ste. 640012
Miami, FL 33162